IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TERRY ROD,<br><br>　　　　　　　Defendant. | CV 21-109-BLG-SPW-KLD<br><br>ORDER |

　　　　Plaintiff BNSF Railway Company ("BNSF") brings this action pursuant to the Montana Administrative Procedure Act, Mont. Code Ann. § 2-4-701 et seq., seeking judicial review of a final administrative decision by the Montana Human Rights Commission ("MHRC") on Defendant Terry Rod's ("Rod") disability discrimination claim. This matter comes before the Court now on Plaintiff BNSF Railway Company's Motion to Present Additional Evidence pursuant to Mont. Code. Ann. § 2-4-703. (Doc. 15). For the reasons outlined below, the motion is denied.

1

I.    Background

Rod began working as a machinist in BNSF's Glendive Diesel Shop in October 1994. (Doc. 1-5, at 3 ¶ 2). Rod was subsequently diagnosed with idiopathic spastic paraparesis, which affects his lower extremities and causes him to have a spastic gait. (Doc. 1-5, at 6 ¶ 15). In 2007, BNSF required Rod to undergo occupational testing and medical reviews to determine what work he could safely perform. (Doc. 1-5, at 6-9 ¶¶ 15-28; Doc. 16-2, at 2). BNSF modified Rod's duties based on those assessments, and Rod worked for several more years at the Glendive Diesel Shop in a machinist position that was compatible with his physical restrictions. (Doc. 1-5, at 9 ¶¶ 29-31; Doc. 16-2, at 2-3). In May 2017, BNSF removed Rod from service due to his disability. (Doc. 1-5, at 21 ¶ 102).

On October 30, 2017, Rod filed an administrative complaint with the Montana Department of Labor and Industry alleging that BNSF had discriminated against him in employment because of a disability in violation of the Americans with Disabilities Act and the Montana Human Rights Act ("MHRA"). (Doc. 1-5, at 1; Doc. 1-6, at 1). The case went before the Office of Administrative Hearings of the Department of Labor and Industry, and a contested case hearing was held in November 2018. (Doc. 1-6, at 1). On November 27, 2019, the Hearing Officer issued a decision finding in Rod's favor on his claim under the MHRA and awarding him front pay, back pay, and emotional distress damages. (Doc. 16-1, at

41-42). Concluding that Rod's request for front pay until age 65 was "too speculative to be a reasonable award of damages," the Hearing Officer limited Rod's front pay damages award to four years based on "the guidance of the Wrongful Discharge from Employment Act ("WDEA"), which allows for recovery of lost wages for a maximum of four years from the date of discharge." (Doc. 16-1, at 38). Both parties appealed to the MHRC, which heard oral argument on March 20, 2020. (Doc. 16-2, at 1).

On June 17, 2020, the MHRC issued a decision affirming in part and reversing in part, and remanding the case to the Office of Administrative Hearings for further proceedings. (Doc. 16-2). The MHRC found that the Hearing Officer erred by relying "solely on the guidance of the WDEA cap" and the front pay damages award of four years was not supported by the record. (Doc. 16-2, at 8). The MHRC remanded the case "to the Hearing Officer to determine an appropriate front pay damages award based on the evidence in the record." (Doc. 16-2, at 8).

Before the MHRC issued its decision on June 17, 2020, BNSF announced the closure of several of its facilities, including the Glendive Diesel Shop. (Doc. 16-3, at 2). On remand, BNSF asked the Hearing Officer to reopen the record to take evidence regarding, or judicial notice of, the closure of the Glendive Diesel Shop. (Doc. 16-3, at 2). The Hearing Officer denied BNSF's request in a written order dated August 28, 2020. (Doc. 16-3). The Hearing Officer found that she was

bound by the MHRC's directive to recalculate the front pay damages award "based on the evidence in the record," and concluded she did not have authority to reopen the record to take additional evidence on remand. (Doc. 16-3, at 2-3).

On January 29, 2021, the Hearing Officer issued her decision on remand, again awarding Rod back and emotional distress damages, and increasing the front pay award to the age of 65. (Doc. 1-5, at 37-42). BNSF appealed again to the MHRC arguing, in relevant part, that the Hearing Officer erred by declining to reopen the evidentiary record on remand or take judicial notice of the Glendive Diesel Shop closure. (Doc. 1-6, at 4). On June 23, 2021, the MHRC issued a Final Agency Decision affirming the Hearing Officer's decision on remand. (Doc. 1-6). The MHRC "found no abuse of discretion in the Hearing Officer's August 28, 2020 order declining to reopen the record and declining to take judicial notice of the July 7, 2020 closure of the [Glendive Diesel Shop]."

On July 26, 2021, BNSF initiated this action seeking judicial review of the MHRC's final administrative decision pursuant to Mont. Code Ann. § 2-4-702. (Doc. 2).

## II.   Discussion

BNSF moves for leave to present evidence of the Glendive Diesel Shop closure pursuant to Mont. Code. Ann. § 2-4-703, which allows the court to permit

additional evidence on judicial review of an agency decision if certain requirements are satisfied. This statute provides as follows:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

Mont. Code Ann. § 2-4-703. BNSF argues, and the Court agrees, that its motion to present additional evidence is timely because there has not been a hearing yet on the petition for judicial review. To prevail on its motion, BNSF must also demonstrate to the satisfaction of the Court that (1) the additional evidence is material, and (2) there were good reasons for failing to present the evidence during the administrative proceedings.

    BNSF maintains that both requirements are satisfied here. First, BNSF maintains that evidence of the Glendive Diesel Shop closure is material to Rod's front pay claim because the Hearing Officer's decision to award Rod nearly 13 years of front pay was premised on the assumption that the shop would remain open until Rod reached the age of 65. Given that "[t]he purpose of the remedies provided by Montana's Human Rights Act is to return employees who are victims of discrimination to the position they would have occupied without the

5

discrimination," *Vortex Fishing Sys. v. Foss*, 38 P.3d 836, 840 (Mont. 2001), BNSF maintains "there could hardly be a fact more relevant to Rod's front pay claim than that the shop in which he worked was permanently closed before there was even a final agency decision." (Doc. 16, at 6). Rod disagrees, and counters that the Glendive Diesel Shop closure is not material to his front pay damages award because he submitted evidence during the agency proceeding demonstrating that he would have had several union-protected options for continued railroad employment even after the shop closure had BNSF not discriminated against him.

Even assuming BNSF is correct on this point, and evidence of the Glendive Diesel Shop closure is material to the front pay damages award, BNSF has not demonstrated to the satisfaction of the Court that the second requirement of § 703 is fully satisfied. For the Court to order that "the additional evidence be taken before the agency," § 703 requires BNSF to show that "there were good reasons for failure to present it in the proceeding before the agency." Mont. Code. Ann. § 2-4-703.

BNSF argues it had good reasons for not presenting evidence of the closure in the agency proceeding because the Glendive Diesel Shop did not close until after the November 2018 contested case hearing and the March 2020 oral argument in front of the MHRC. As BNSF puts it, it could not have offered evidence of the closure at the time of the original hearing or during the initial appeal to the MHRC

because the shop had not closed by then and the additional evidence it now seeks to introduce did not exist. BNSF points out that it sought unsuccessfully to present evidence of the closure at the earliest opportunity, while the case was on remand to the Hearing Officer and before the MHRC's final agency decision. BNSF maintains the Hearing Officer erred in concluding she did not have authority to take additional evidence on remand, and the MHRC erroneously affirmed that decision. BNSF explains that this will be part of its argument for reversal and remand based on the standards of review set forth in Mont. Code Ann. § 2-4-704(2), but makes clear that its current motion to present additional evidence is based solely on the statutory requirements of Mont. Code. Ann. § 2-4-703.

Citing *Arlington v. Miller's Trucking Inc.*, 277 P.3d 1190 (Mont. 2012), BNSF argues "the fact that the Hearing Officer and MHRC were presented with the evidence at issue and erroneously did not consider it does not preclude BNSF from proceeding under § 703." (Doc. 16, at 9). In *Arlington*, the plaintiff sought judicial review of an agency decision dismissing his wage claim and asked the court for leave to present additional evidence under § 703. *Arlington*, 277 P.3d at 1203. Prior to his contested case hearing, the plaintiff had requested evidence of job listings during formal discovery, but his employer refused to produce the requested materials. *Arlington*, 277 P.3d at 1204. The agency ignored the plaintiff's request to subpoena the evidence, and the hearing officer then faulted

the plaintiff for submitting no corroborating evidence for his wage claim. *Arlington*, 277 P.3d at 1204. The district court found that in doing so, the hearing officer "effectively ruled that the two job listings were inadmissible, as the job listings were excluded from the exhibits listed with the Hearing Officer's Order." *Arlington*, 277 P.3d at 1204.

The Montana Supreme Court concluded "that in failing to require [the employer] to produce the duly requested material and excluding the tendered job listings [based on the plaintiff's] failure to file a motion to compel, the Hearing Officer acted arbitrarily and capriciously, prejudicing the substantial rights" of the plaintiff under Mont. Code. Ann. § 2-4-704(2)(a)(vi). *Arlington*, 277 P.3d at 1204. The Supreme Court further concluded that the district court "likewise abused its discretion in affirming the exclusion of evidence and in refusing to admit the tendered evidence pursuant to its authority under § 2-4-703, MCA." *Arlington*, 277 P.3d at 1204. Analogizing to *Arlington*, BNSF asks the Court to remand this matter to the MHRC for the presentation of additional evidence pursuant to § 703, without addressing whether the agency's evidentiary ruling was erroneous under the standards of review set forth in § 704.

Practically speaking, BNSF is attempting to bifurcate the judicial review process by using § 703 to claim that the Hearing Officer and MHRC erroneously refused to reopen the record and accept evidence of the shop closure, while

8

reserving its right to challenge that evidentiary decision and the agency's other alleged errors under the standards of review set forth in § 704 in a subsequent round of briefing. However, *Arlington* does not stand for the proposition that it is permissible for a party to effectively challenge an agency's evidentiary ruling by way of a motion under § 703 without also invoking the standards of review in § 704. To the contrary, *Arlington* considered those issues in tandem, concluding both that the agency acted arbitrarily and capriciously within the meaning of § 704, and that remand for the production and consideration of additional evidence under § 703 was appropriate. *Arlington*, 277 P.3d at 1204.

In addition, *Arlington* is factually distinguishable in that the plaintiff was not able to present the evidence in question during the agency proceedings because his employer refused to produce it during discovery and the agency ignored the plaintiff's request to subpoena the documents. The Montana Supreme Court concluded the hearing officer acted arbitrarily and capriciously in faulting the plaintiff for not presenting any corroborative evidence in support of his wage claim, but failing to require the employer to produce the evidence during discovery and thus precluding the plaintiff from offering the evidence he claimed would have provided such corroboration. Here, in contrast, BNSF had evidence of the shop closure while the matter was on remand from the MHRC, and specifically asked the Hearing Officer to reopen the record to include that evidence. BNSF raised the

9

issue again on appeal to the MHRC, arguing unsuccessfully that the Hearing Officer erred by declining to reopen the evidentiary record. Thus, the agency was presented with and ruled on the evidentiary question prior to issuing its final agency decision.

Whether the Hearing Officer erred in concluding she did not have authority to take additional evidence on remand, and whether the MHRC erroneously affirmed that decision under the standards of review set forth in Mont. Code Ann. § 2-4-704(2) remains to be seen. But for present purposes, the Court finds BNSF has not shown that the statutory requirements of Mont. Code Ann. § 2-4-703 are satisfied as required for the Court to order that additional evidence of the Glendive Diesel Shop closure be taken before the agency.

### III. Conclusion

For the reasons discussed above,

IT IS ORDERED that BNSF's Motion to Present Additional Evidence pursuant to Mont. Code Ann. § 2-4-703 (Doc. 15) is DENIED.

IT IS FURTHER ORDERED that:

(1)   BNSF's opening brief in support of its Petition for Judicial Review shall be due on or before March 8, 2022;

(2)   Rod's response brief shall be due on or before March 29, 2022; and

//

    (3)    BNSF's optional reply brief shall be due on or before April 12, 2022.

DATED this 8th day of February, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge